UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PHAEDRA PRESTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:23-cv-12389-JEK |
| WORLD TRAVEL HOLDINGS, INCORPORATED, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS COUNTS II AND III AND MOTION TO STRIKE RULE 23 CLASS ALLEGATIONS, AND PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

**KOBICK, J.**

This is a putative collective and class action brought against World Travel Holdings, Inc., a travel agency, for nonpayment of wages to agents who assist customers with booking travel. The plaintiff, Phaedra Preston, alleges that World Travel has violated the Fair Labor Standards Act ("FLSA") by failing to pay her and other potential collective members overtime at the appropriate rate when they work over forty hours per week. Preston also asserts common law claims of breach of contract and unjust enrichment because, she alleges, World Travel does not fully compensate its employees at their hourly rate when they work forty hours per week or less. Her complaint seeks class certification under Federal Rule of Civil Procedure 23 of these common law claims.

World Travel moves to dismiss the common law claims and to strike the Rule 23 class allegations. Preston opposes those motions and moves for conditional certification of her FLSA claim under 29 U.S.C. § 216(b). For the reasons explained below, World Travel's motions will be denied and Preston's motion will be granted in part and denied in part. The FLSA does not, as

1

World Travel argues, preempt Preston's breach of contract or unjust enrichment claims because those claims seek relief that is unavailable under the FLSA—namely, recovery for non-payment of wages when employees work forty hours per week or less. Preston has also satisfied the lenient standard for conditional certification of her FLSA claim because she has sufficiently demonstrated, at this stage, that she is similarly situated to the members in her proposed collective.

**BACKGROUND**

The pertinent facts, as alleged in the complaint, are as follows. World Travel is a travel agency that employs non-exempt,[1] hourly agents to help customers plan trips. ECF 1, ¶¶ 35, 96. Some agents work in World Travel's call centers, while others, like Preston, work remotely. *Id.* ¶¶ 28, 34. Preston served as a remote agent from September 2022 through July 2023. *Id.* ¶ 28. She alleges that she and similarly situated employees had contracts with World Travel to be paid at a pre-established hourly rate—most recently, for Preston, $15 per hour—in exchange for performing their work responsibilities. *Id.* ¶¶ 28, 171, 184.

Preston alleges that World Travel fails to compensate its agents for their time spent at the start of each shift booting up their computers and logging in, as well as after meals and rest breaks, before they have a chance to sign onto the company's timekeeping system. *Id.* ¶¶ 7-8, 49, 55, 60, 65-66, 81, 85. She estimates that she and other agents regularly perform 22 to 33 minutes or more per shift of such unpaid "off-the-clock" work. *Id.* ¶ 160. Because the agents' hours for this "off-the-clock" work are not properly reported in the system, she alleges, the hours reflected on their paystubs are inaccurate as well. *Id.* ¶ 59. Preston thus claims that World Travel is liable for failing to pay her and other agents for all of the work that they perform, including overtime when they

---

[1] Employees classified as "non-exempt" are covered by the FLSA's minimum wage and overtime pay provisions. *See* 29 U.S.C. §§ 206(a), 207(a)(1), 213.

work over forty hours per week and regular wages when they work under forty hours in a week. *Id.* ¶¶ 17, 59, 91, 124, 126, 179.

The complaint raises three claims. In Count I, Preston asserts a claim under the FLSA, 29 U.S.C. §§ 207(a)(1), 215(a), for failure to compensate her and similarly situated employees at 1.5 times their regular rate of pay for work performed in excess of forty hours in a given workweek. ECF 1, ¶¶ 15-18, 150-69. She seeks designation as a collective action under 29 U.S.C. § 216(b) for this claim. *Id.* ¶¶ 125-40. In Count II, Preston asserts a breach of contract claim for World Travel's alleged failure to pay her and similarly situated employees the contractual hourly wage for off-the-clock work performed in weeks when they work no more than forty hours. *Id.* ¶¶ 89-91, 170-81. Count III similarly alleges that World Travel was unjustly enriched by failing to pay employees for off-the-clock work performed in weeks when they work no more than than forty hours. *Id.* ¶¶ 182-91. Preston requests nationwide class certification under Federal Rule of Civil Procedure 23 of her breach of contract and unjust enrichment claims. *Id.* ¶¶ 141-49.

## DISCUSSION

**I.      World Travel's Motion to Dismiss the Common Law Claims.**

Contending that the FLSA supplies the exclusive remedy for enforcement of rights protected in that statute, and that Preston's state common law claims seek to improperly circumvent that exclusive remedial scheme, World Travel seeks dismissal of Preston's breach of contract and unjust enrichment claims. In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). The complaint must allege

"a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### A.    Scope of FLSA Preemption.

"The Fair Labor Standards Act was designed to protect employees from excessive hours and substandard wages, 'which endangered national health and efficiency and as a result the free movement of goods in interstate commerce.'" *Doctors Hosp. v. Silva Recio*, 558 F.2d 619, 623 (1st Cir. 1977) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)). To meet these objectives, the statute sets a minimum wage for employees engaged in commerce, 29 U.S.C. § 206(a), and requires employers to pay non-exempt employees who work more than forty hours per week compensation "at a rate not less than one and one-half times the regulate rate" of compensation, *id.* §§ 207(a)(1), 213. Actions alleging violations of the FLSA's minimum wage and overtime pay provisions may be brought by the named plaintiff on behalf of "themselves and other employees similarly situated," so long as each employee affirmatively "gives his [or her] consent in writing to become such a party" and files that consent with the court. *Id.* § 216(b).

"The FLSA does not expressly prohibit state legislation in the area of wages and working conditions," *Maccabees Mut. Life Ins. Co. v. Perez-Rosado*, 641 F.2d 45, 46 (1st Cir. 1981), nor does its plain text expressly preempt state law claims seeking redress for minimum wage and overtime pay violations, *see* 29 U.S.C. § 216(b).[2] But the First Circuit has explained, referencing

---

[2] Further, in enacting the FLSA, Congress did not "implicitly prohibit state regulation by occupying the whole field and leaving no room for supplementary state provisions." *Maccabees Mut. Life Ins. Co.*, 641 F.2d at 46.

the obstacle preemption branch of conflict preemption, that because "the FLSA is the exclusive remedy for enforcement of rights created under the FLSA," a "plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim." *Román v. Maietta Construction, Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) (quoting *Tombrello v. USX Corp.*, 763 F. Supp. 541, 544 (N.D. Ala. 1991)); *see also Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 55 (1st Cir. 2013) (noting the district court's holding that common law claims that sought to recover overtime pay "were preempted because they conflicted with the FLSA's comprehensive remedial scheme"). The Fourth and Fifth Circuits have similarly held that state law claims stand as "an obstacle to the accomplishment of the full purposes and objectives" of the FLSA "where those claims have merely duplicated FLSA claims" or are themselves premised on violations of the FLSA. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191-92, 194 (4th Cir. 2007) (internal quotation marks omitted); *accord Aldridge v. Mississippi Dep't of Corrections*, 990 F.3d 868, 875-77 (5th Cir. 2021).

This Court, accordingly, analyzes World Travel's motion to dismiss through the lens of obstacle preemption, under which state statutes or causes of action are preempted to the extent that they "stan[d] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Arizona v. United States*, 567 U.S. 387, 399 (2012) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). Supreme Court "precedents 'establish that a high threshold must be met if a state law is to be preempted for conflicting with the purposes of a federal Act." *Chamber of Commerce v. Whiting*, 563 U.S. 582, 607 (2011) (plurality op.) (quoting *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 110 (1992)). World Travel, as the moving party, bears the burden to establish preemption. *Capron v. Office of the Attorney General of Massachusetts*, 944 F.3d 9, 21, 26 (1st Cir. 2019). And, as "'[i]n all pre-emption cases, and particularly in those in

5

which Congress has 'legislated . . . in a field which the States have traditionally occupied,'" the Court "'start[s] with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)).

### B. The FLSA Does Not Preempt Preston's Common Law Claims.

In Counts II and III, Preston asserts breach of contract and unjust enrichment claims, respectively, for World Travel's alleged failure to adequately pay her and other potential class members for non-overtime, "off-the-clock" work in weeks when they work forty hours or less. World Travel contends that both claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as preempted by the FLSA because the facts underlying those counts are the same as the FLSA claim in Count I. Preston responds, and the Court agrees, that Counts II and III are not duplicative of the FLSA claim because they seek relief that is unavailable under the statute.

As discussed, the FLSA requires employers to pay "overtime compensation for each hour worked *in excess of 40 hours* in each workweek for many employees." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 97 (2015) (citation omitted and emphasis added); *see Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1070 (1st Cir. 1995) ("Overtime is defined as any employment in excess of 40 hours in a single workweek."). Count I seeks redress for World Travel's alleged failure to pay overtime wages in weeks when its agents work *more than* forty hours. Counts II and III, in contrast, seek to recover for World Travel's alleged failure to pay its agents the agreed-upon hourly wage for non-overtime, "off-the-clock" work when they work forty hours or less per week. The complaint states that "the Rule 23 Nationwide Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour, but less than forty (40) hours per week." ECF 1, ¶ 179. It also

alleges that World Travel "depriv[es]" its agents "of straight-time wages" when they "do not work over forty (40) hours in a workweek," *id.* ¶¶ 59, 91, and that "Plaintiff, and similarly situated Agents, regularly worked non-overtime hours (i.e. 'gap time') for which they were not paid" in "breach of Defendant's contracts with its Agents," *id.* ¶¶ 90-91. Counts II and III thus advance "pure gap time claims," in which "the employee seeks to recover for unpaid straight time in a week in which they worked no overtime." *Conner v. Cleveland County*, 22 F.4th 412, 421 (4th Cir. 2022).

Counts II and III are not, accordingly, "equivalent state claims" to the FLSA claim asserted in Count I, because they do not seek redress for nonpayment of overtime wages. *Román*, 147 F.3d at 76. Rather, they seek redress for non-payment of *non-overtime* wages under contracts for wages that exceed the federal minimum wage—a theory of liability for which the FLSA provides no remedy. In similar circumstances, courts have found that such "gap time" or "straight-time" wage claims are not preempted by the FLSA. The First Circuit, for example, allowed a plaintiff, through contract, fraud, and unjust enrichment claims, to pursue "recovery of 'straight-time' pay, i.e., unpaid wages for non-overtime hours at her regular hourly rate." *Manning*, 725 F.3d at 55. And the Fourth Circuit has explained that a claim for "wages for unpaid work during pay periods without overtime" is "enforceable only under state law related to the parties' employment agreement." *Conner*, 22 F.4th at 421 (citations and internal quotation marks omitted); *see also Gould v. First Student Mgmt., LLC*, No. 16-cv-359-PB, 2017 WL 3731025, at *3, *5 (D.N.H. Aug. 29, 2017) (concluding that a straight-time wage "claim is not cognizable under the FLSA," but that "[t]his conclusion does not leave the plaintiffs without recourse" because "the plaintiffs have successfully stated a claim for unpaid straight-time wages under state law").

7

World Travel's principal rejoinder—that the FLSA should be construed to preempt any state law claim supported by "essentially the same facts" as the federal claim—sweeps too far. ECF 31, at 2. The FLSA conflicts with state law claims that are "equivalent" to the federal statutory claim, not all state law claims that derive from a common set of facts. *Román*, 147 F.3d at 76; *see also Cosman v. Simon Roofing & Sheet Metal Corp.*, No. 12-cv-11537-DJC, 2013 WL 2247498, *2 (D. Mass. May 17, 2013) ("[S]tate claims that *duplicate* FLSA claims are preempted." (emphasis added)). That narrow scope of preemption reflects the "high threshold" that must be met by a party asserting obstacle preemption, *Whiting*, 563 U.S. at 607, and the respect properly accorded state law in any conflict preemption analysis, *see Wyeth*, 555 U.S. at 565. Moreover, fairly read, the complaint does not allege the same facts to support all three claims. Rather, it highlights the difference between the FLSA claim for overtime compensation and the request for straight-time compensation asserted in the common law claims. *See* ECF 1, ¶¶ 59, 89-91, 179. Counts II and III are not, accordingly, preempted by the FLSA.

**II.**     **World Travel's Motion to Strike the Class Allegations.**

World Travel also moves to strike the Rule 23 class allegations under Federal Rule of Civil Procedure 12(f). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts [may] use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Manning*, 725 F.3d at 59. But "courts should exercise caution when striking class action allegations based solely on the pleadings" and "should typically await the development of a factual record before determining whether the case should move forward on a representative basis." *Id.* This is, in part, because "such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion" and "striking a portion of a pleading is a drastic remedy." *Id.* (citations omitted).

World Travel argues that Preston's Rule 23 class allegations should be stricken because, in its view, she improperly seeks to circumvent the opt-in requirements of 29 U.S.C. § 216(b) to assert common law claims that "effectively duplicat[e] . . . her FLSA claim." ECF 16, at 9. Where state law claims are "wholly dependent on [an] FLSA claim," concurrent class and collective actions may not be appropriate, but where a lawsuit "assert[s] independent federal and state theories of liability," courts have "allowed class and collective actions to proceed concurrently." *Chavira v. OS Rest. Servs., LLC*, No. 18-cv-10029-ADB, 2019 WL 917226, at *4 (D. Mass. Feb. 25, 2019); *see Douglas v. EF Inst. for Cultural Exch., Inc.*, No. 20-cv-11740-DJC, 2023 WL 1993499, at *5 (D. Mass. Feb. 14, 2023) (denying motion to strike the class allegations); *Cristostomo v. New Balance Athletics, Inc.*, 647 F. Supp. 3d 1, 14 (D. Mass. 2022) (same). As explained, Preston's breach of contract and unjust enrichment claims are not duplicative of the FLSA claim because they assert distinct legal theories and an independent basis for relief. The motion to strike will therefore be denied.

### III. Preston's Motion for Conditional Certification.

#### A. Certification of the FLSA Claim.

Preston separately moves for conditional certification and court-authorized notice under 29 U.S.C. § 216(b) of her FLSA claim on behalf of a proposed collective comprising:

> [a]ll current and former hourly agents who worked for [World Travel] at any time during the past three years preceding the filing of this Complaint up through and including judgment.

ECF 1, ¶¶ 16, 125.

The FLSA provides that an "action to recover the liability" for minimum wage or overtime violations "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

9

Recognizing that the parties and the "judicial system benefi[t] by efficient resolution in one proceeding of common issues of law and fact," *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989), Congress crafted section 216(b) "to enable all affected employees working for a single employer to bring suit in a single, collective action," *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 98 (1st Cir. 2022). Courts have authority to ensure, under section 216(b), that similarly situated employees receive "accurate and timely notice concerning the pendency of the collective action." *Hoffmann-La Roche*, 493 U.S. at 170.

To assess whether employees are "similarly situated" under section 216(b), most courts, including courts in this district, "follow a two-step approach to determine whether to issue notice' and 'certify' a collective class." *Gonpo v. Sonam's Stonewalls & Art LLC*, No. 16-cv-40138-MGM, 2018 WL 1725695, at *3 (D. Mass. Apr. 9, 2018) (quoting *Cunha v. Avis Budget Car Rental, LLC*, 221 F. Supp. 3d 178, 182 (D. Mass. 2016)). First, as relevant here, "'the court makes an initial determination of whether the potential class should receive notice of the pending action.'" *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 368 F. Supp. 3d 152, 161 (D. Mass. 2019), *opinion clarified*, 404 F. Supp. 3d 529 (D. Mass. 2019) (quoting *Trezvant v. Fid. Emp. Servs. Corp.*, 434 F. Supp. 2d 40, 42 (D. Mass. 2006)). "'[T]his determination is made using a fairly lenient standard, which typically results in conditional certification.'" *Id.* (quoting *Trezvant*, 434 F. Supp. 2d at 43); *see also Waters*, 23 F.4th at 89. To prevail, "the plaintiff need only show that there is 'some factual support'—as opposed to mere allegations—that the potential plaintiffs are similarly situated." *Cunha*, 221 F. Supp. 3d at 182 (citation omitted). "Second, after the close of discovery and the filing of a motion from an employer, the [c]ourt considers whether de-certification is warranted," *Wright v. Liberty Mut. Grp., Inc.*, No. 22-cv-11687-NMG, 2023 WL 4686053, at *2 (D. Mass. July 21, 2023), and "makes a final similarly situated determination,"

10

*Pugliese v. Gov't Emps. Ins. Co.*, No. 21-cv-11629-DJC, 2022 WL 1129341, at *1 (D. Mass. Apr. 15, 2022) (citations and internal quotation marks omitted). "At that point a 'more stringent' standard applies, . . . and courts consider, among other factors, 'various defenses available to the employer which appear to be individual to each employee' and other 'fairness and procedural considerations.'" *Gonpo*, 2018 WL 1725695, at *4 (citations omitted).

Preston has satisfied the "modest factual showing" required at the first step of the FLSA certification procedure by adequately demonstrating, at this juncture, that World Travel's agents are similarly situated. *Trezvant*, 434 F. Supp. 2d at 43. The allegations in the complaint—supported by Preston's two declarations and World Travel's sixteen agent declarations, *see* ECF 19-4, 19-5, and 28-2—establish, at a minimum, that agents are subject to a common policy of nonpayment of wages for time spent each shift logging into their computers and virtual private network before they can track their hours on the company's timekeeping system. The declarations of Preston and Stephanie Markovitch—who consented to join this action on November 15, 2023, *see* ECF 10-1— also establish that World Travel's agents were paid hourly, were classified as non-exempt employees, regularly worked more than forty hours per week, used a computer program to log their time, and shared common company training on policies and procedures. *See* ECF 19-4 and 19-5. World Travel's declarations confirm these facts. For example, the declaration of Marilyn McCawley, World Travel's Vice President of Human Resources, attests that after undergoing company training, "[a]gents utilize computers . . . to provide service to the Company's customers," and that agents log into World Travel's timekeeping system, "eTime," after accessing its virtual private network. ECF 28-1, ¶¶ 4-5, 7-9. World Travel's payroll policy also provides, in pertinent part, that "[h]ourly employees must be clocked in through eTime while working so that [World Travel] can properly pay for all time worked," and that "[i]t is unacceptable for a non-exempt,

11

hourly paid employee to be performing work without being clocked in." ECF 28-1, at 8. These commonalities are sufficient to demonstrate, at this stage, that agents in the proposed FLSA collective are similarly situated.

World Travel's counterarguments are unpersuasive. First, World Travel contends that Preston and other collective members are not similarly situated because it takes Preston and Markovitch more time to log onto eTime at the start of the day (ten to fifteen minutes) than it takes World Travel's sixteen agent declarants (less than two minutes). *See* ECF 28, at 7-10. But the variation in uncompensated time described in the parties' declarations does not undermine their shared premise that World Travel's agents perform work for which they are not compensated. The precise length of time it takes agents to clock in at the start of each shift is, moreover, a question of fact not appropriate for resolution at the first step of the FLSA certification process. *See Montoya v. CRST Expedited, Inc.*, 311 F. Supp. 3d 411, 420 (D. Mass. 2018) ("'At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.'" (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 368 (S.D.N.Y. 2007))).[3] This case is not, contrary to World Travel's argument, like *Wright v. Liberty Mutual Group, Inc.*, in which the court conditionally certified only a limited class of call center agents, where the two named plaintiffs had failed to establish that employees outside their specific call center were subject to the same disputed policy. 2023 WL 4686053, at *3-4. Here, all eighteen declarant agents worked remotely, and the parties agree that World Travel's agents spend some amount of uncompensated off-the-clock time logging onto eTime.

---

[3] It is also premature to evaluate whether, as World Travel urges, Preston's claims fail on the merits under the *de minimis* doctrine. *See* ECF 28, at 8 n.1; *Romero*, 368 F. Supp. 3d at 162 ("[C]ourts generally do not consider merits questions when deciding whether to conditionally certify an FLSA collective action group.").

Second, World Travel maintains that Preston has not sufficiently demonstrated that other employees are interested in joining this action. *See* ECF 28, at 11. In addition to Preston, three opt-in plaintiffs—Markovitch, Jessica Dickason, and Katherine Edwards—have already consented to join this action. *See* ECF 10, 42. This is sufficient to warrant conditional certification. *See Pearl v. Clearlink Partners, LLC*, 546 F. Supp. 3d 32, 36 (D. Mass. 2021) (finding that "there exist putative class members who are interested in joining this suit" in part because "one class member has already opted into this case"). Requiring anything further would "presen[t] practical obstacles" and "'pu[t] the cart before the horse.'" *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 72-73 (D. Mass. 2018) (citation omitted). This is especially so in cases, like this, where former employee plaintiffs may not have ready access to potential collective members' contact information, which is needed to determine whether other employees are interested in joining the collective. *See id.*

In short, Preston has met her burden under the lenient standard for conditional certification of her proposed collective under section 216(b).

    **B.**    **Notice.**

Turning to Preston's proposed notice to the collective, Preston seeks an order (1) requiring World Travel to disclose the names, dates and locations of employment, and last known mailing addresses, email addresses, and cellphone numbers of putative collective members; (2) establishing a sixty-day opt-in period; and (3) authorizing her to send the initial notice by mail, email, and text message to those members as well as a reminder notice by email thirty days after the initial notice. "The specific content of the notice is a matter entrusted to the court's discretion." *Roy*, 353 F. Supp. 3d at 74 (citing *Hoffmann-La Roche*, 493 U.S. at 170-72).

World Travel objects to the method and form of the notice. First, World Travel asserts that the notice should consist of only a single, mailed form. But because "[c]ourts routinely allow notice by e-mail" and "also regularly allow plaintiffs to send a reminder notice," Preston is permitted to send the initial notice by mail and email, as well as a reminder notice by email to those who did not respond within thirty days of the initial notice. *Gardner v. Fallon Health & Life Ins. Co., Inc.*, No. 4:19-cv-40148-TSH, 2021 WL 4459525, at *4 (D. Mass. Sept. 29, 2021) (granting similar request). The Court shares World Travel's concerns, however, about the potentially intrusive nature of notice by text message, particularly where members of the collective will already receive notice by mail and email. *See Drake v. Tufts Associated Health Maint. Org., Inc.*, No. 19-cv-11876-FDS, 2021 WL 2767308, at *6 (D. Mass. Feb. 12, 2021) (expressing a similar concern). Preston's request to provide notice by text message will therefore be denied.

Second, World Travel contends, and the Court agrees, that the notice should be revised to include proportional language concerning its defense to this action. As drafted, the notice devotes four sentences to Preston's position but only one sentence to World Travel's defense. *See* ECF 19-2, at 1-2. The notice shall accordingly be modified to include World Travel's proposed four-sentence revision articulating its position. *See* ECF 28, at 14; *Gardner*, 2021 WL 4459525, at *5 (finding notice proportional where both the plaintiffs and the defendants articulated their positions in one sentence); *Drake*, 2021 WL 2767308, at *5 (same). The Court thus approves the text of Preston's proposed notice but with this revised language.

## CONCLUSION AND ORDER

The defendant's motion to dismiss Counts II and III and motion to strike the Rule 23 class allegations (ECF 15) are DENIED. The plaintiff's motion to conditionally certify a class and authorize notice pursuant to 29 U.S.C. § 216(b) (ECF 18) is GRANTED in part and DENIED in

part. It is hereby ORDERED that the defendant shall identify all putative collective members by providing a list of their names, last known addresses, dates and location of employment, and email addresses in electronic and importable format within 14 days of the entry of this order. The plaintiff is authorized to issue notice to all members of the conditionally certified collective in the form attached at ECF 19-2, with the revised description of the defendant's position in the case, and to send one reminder email thirty days after the notice is sent. Members of the FLSA collective shall have sixty days from the date the notice is sent to join the case. It is additionally ORDERED that counsel for the plaintiff is appointed counsel for the FLSA collective.

    SO ORDERED.

/s/ Julia E. Kobick  
United States District Judge

Dated: February 9, 2024