UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PHAEDRA PRESTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-cv-12389-JEK |
| WORLD TRAVEL HOLDINGS, INCORPORATED, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL, AND CERTIFICATION OF SETTLEMENT CLASS**

**KOBICK, J.**

Plaintiff Phaedra Preston filed this putative collective and class action against World Travel Holdings, Inc. for nonpayment of wages to agents who help customers book travel. She alleges that World Travel has failed to pay its agents overtime in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), and asserts common law breach of contract and unjust enrichment claims alleging that World Travel has failed to fully compensate agents at their hourly rate when they work forty hours per week or less. After this Court granted the plaintiff's motion to conditionally certify the FLSA claim, the parties engaged in mediation led by a neutral third party and agreed upon settlement terms. Pending before the Court is Preston's unopposed motion for preliminary approval of a class and collective action settlement, appointment of class representative and class counsel, and certification of settlement class. For the reasons to be explained, the motion will be granted.

BACKGROUND

In October 2023, Preston initiated this action asserting three claims. ECF 1. Count I alleges that World Travel violated the FLSA by failing to pay her and similarly situated employees at 1.5 times their regular rate for overtime work performed in excess of forty hours in a given workweek. *Id.* ¶¶ 15-18, 150-69. Count II asserts a breach of contract claim for World Travel's alleged failure to pay her and similarly situated employees the contractual hourly wage for work performed in weeks when they work no more than forty hours. *Id.* ¶¶ 89-91, 170-81. Count III likewise claims that World Travel was unjustly enriched by not paying its employees for that work. *Id.* ¶¶ 182-91.

In February 2024, the Court denied World Travel's motion to dismiss Counts II and III and its motion to strike the Federal Rule of Civil Procedure 23 class allegations. ECF 43, at 3-9. It also granted conditional certification of Preston's FLSA claim, ordered World Travel to identify putative collective class members, authorized notice to those members, and appointed her attorneys as counsel for the FLSA collective. *Id.* at 9-15. After World Travel filed its answer, the parties engaged in discovery before participating in settlement discussions with a mediator. ECF 45; ECF 54-2, ¶¶ 23-26. In May 2024, the parties executed a settlement agreement. ECF 54-1.

DISCUSSION

I.  **Preliminary Class and Collective Certification.**

A.  **Preliminary Class Certification under Rule 23.**

To obtain class certification, Preston must establish the four threshold elements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). Preston must also demonstrate, as relevant here, Rule 23(b)(3)'s two additional prerequisites "that the questions of law or fact common to class members predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

For purposes of settlement, Preston has sufficiently satisfied the requirements of Rules 23(a) and 23(b)(3) to certify, as agreed by the parties, a class comprising:

> All current and former hourly employees who worked for Defendant in the United States as customer service agents at any time from October 16, 2020 through the earlier of July 1, 2024 or the date on which the Court grants Preliminary Approval of the Settlement.

ECF 54-1, at 30-31. First, "the class is so numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23(a)(1), because it comprises 2,277 employees, ECF 54-1, at 21, ¶ 43. *See Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009) (identifying "the low threshold for numerosity" as more than forty members (citation omitted)).

Second, "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). As this Court previously concluded, agents in the proposed class are subject to a common policy of nonpayment of wages for time spent each shift logging into their computers and virtual private networks before they can track their hours on World Travel's timekeeping system. *See* ECF 43, at 11-13; *Overka v. Am. Airlines, Inc.*, 265 F.R.D. 14, 18 (D. Mass. 2010) ("the commonality requirement usually is satisfied" where "implementation of the common scheme is alleged").

Third, "the claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3), because Preston's breach of contract and unjust enrichment claims similarly "'aris[e] from the same event or practice or course of conduct that gives rise to the claims of other class members, and . . . are based on the same legal theory,'" *Garcia-Rubiera*, 570 F.3d at 460 (citation omitted).

Fourth, "the representative parties will fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), because Preston's interests "will not conflict with the interests of

3

any of the class members" and her chosen counsel "is qualified, experienced and able to vigorously conduct the proposed litigation," *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). Since World Travel allegedly failed to adequately compensate Preston for her off-the-clock work, she shares the same interests of her fellow agents in receiving compensation for nonpayment of wages. And given his extensive experience litigating similar wage and hour cases, Preston's counsel is able to "properly and vigorously" represent the class. *Id.*; ECF 54-2, ¶¶ 4-33.

Fifth, "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). It "requires merely that common issues predominate, not that all issues be common to the class." *Smilow*, 323 F.3d at 39. The proposed class is sufficiently cohesive because, as explained, its members' claims stem from World Travel's same compensation policy regarding off-the-clock work. And the predominance requirement is satisfied where "common questions predominate regarding liability . . . even if individual damages issues remain." *Id.* at 40; *see Michaud v. Monro Muffler Brake, Inc.*, No. 2:12-cv-00353-NT, 2015 WL 1206490, at *4 (D. Me. Mar. 17, 2015) (predominance satisfied "because all class members' claims arise out of the same compensation practice"). Here, the parties have agreed on an objective process for the Settlement Administrator to make the individual factual determinations necessary to calculate damages. ECF 54-1, at 16-17, ¶ 42(a)-(b).

Finally, "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The superiority inquiry includes consideration of "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy

already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Id.* "Rule 23 has to be read to authorize class action in some set of cases where," as here, "seriatim litigation would promise such modest recoveries as to be economically impracticable." *Gintis v. Bouchard Transp. Co.*, 596 F.3d 64, 66-67 (1st Cir. 2010). Requiring multiple, nearly identical lawsuits arising from the same company policy would be unnecessarily burdensome to the class members and the courts. This class action is, therefore, the most feasible mechanism for resolving the dispute.

> **B.**    **Preliminary Collective Certification under the FLSA.**

The FLSA provides that an "action to recover the liability" for minimum wage or overtime violations "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). On a motion for conditional certification, courts generally conduct "a 'lenient' review of the pleadings, declarations, or other limited evidence . . . to assess whether the 'proposed members of a collective are similar enough to receive notice of the pending action.'" *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 89 (1st Cir.), *cert. denied*, 142 S. Ct. 2777 (2022) (citations omitted). The Court previously found that Preston had met her burden under this standard for conditional certification of a proposed collective comprising "'[a]ll current and former hourly agents who worked for [World Travel] at any time during the past three years preceding the filing of this Complaint up through and including judgment.'" ECF 43, at 9-13 (quoting ECF 1, ¶¶ 16, 125). For those same reasons, Preston has also sufficiently satisfied the requirements of section 216(b) to certify for purposes of settlement, again as agreed by the parties, a nearly identical class comprising "[a]ll current and former hourly employees who worked for [World Travel] in the United States as

customer service agents at any time from October 16, 2020 through the earlier of July 1, 2024 or the date on which the Court grants Preliminary Approval of the Settlement." ECF 54-1, at 30-31.

## II. Preliminary Approval of Settlement.

### A. Preliminary Settlement Approval under Rule 23.

Federal Rule of Civil Procedure 23(e) permits courts to "approve a class-action settlement only if that settlement is 'fair, reasonable, and adequate.'" *Cohen v. Brown Univ.*, 16 F.4th 935, 943 (1st Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)). While "approval or rejection of a class-action settlement is entrusted to the district court's informed discretion,'" *id.* at 944, courts must evaluate certain "procedural" and "substantive" factors, *Murray v. Grocery Delivery E-Servs. USA Inc.*, 55 F.4th 340, 345 (1st Cir. 2022). The procedural factors require consideration of whether "the class representatives and class counsel have adequately represented the class" and "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(A)-(B). The substantive factors, on the other hand, address whether "the relief provided for the class is adequate" and "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(C)-(D).

The parties' settlement agreement is preliminarily approved pursuant to Rule 23(e) because all four factors are met. First, Preston and her counsel have adequately represented the class. Fed. R. Civ. P. 23(e)(2)(A). The "adequate representation inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent." *Murray*, 55 F.4th at 345 (quotation marks omitted). As explained, Preston's interests do not conflict with those of the class because she, like her fellow members, was allegedly not properly paid by World Travel. Preston's counsel has likewise "competently and vigorously and without conflicts of interest" represented the class. *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 36 n.12 (1st Cir. 2009). Given "the nature and amount of discovery" conducted, counsel appears to have "an adequate

6

information base" to justify settling. Fed. R. Civ. P. 23(e)(2)(A)-(B) 2018 Comm. Notes. Indeed, counsel—who has extensive experience litigating similar wage and hour disputes—reviewed voluminous time and payroll records; information regarding members' hours, shifts, and dates of employment; and data modeling and statistics identifying potential members' off-the-clock work. ECF 54-2, ¶¶ 8, 30. Counsel also retained an expert economist to estimate damages. *Id.* ¶¶ 38-44.

Second, the parties negotiated the proposed settlement at arm's length. Fed. R. Civ. P. 23(e)(2)(B). This factor considers whether settlement negotiations "were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e)(2)(A)-(B) 2018 Comm. Notes. The record reflects that, over the course of several months, the parties negotiated extensively and conducted discovery before participating in a private mediation and agreeing to settle. ECF 54-2, ¶¶ 23-27. The proposed settlement is, therefore, the product of arm's length negotiations without any collusion between the parties. *See Nat'l Ass'n of Deaf v. Massachusetts Inst. of Tech.*, No. 3:15-cv-30024-KAR, 2020 WL 1495903, at *4 (D. Mass. Mar. 27, 2020). And because "the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." *In re Pharm. Indus.*, 588 F.3d at 32-33.

Third, the proposed settlement provides adequate relief to the class, especially when compared to the costs, risks, and delays associated with continued litigation. Fed. R. Civ. P. 23(e)(2)(C). Rule 23 requires "balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). Preston estimated that she and other agents regularly perform 22 to 33 minutes per day of unpaid off-the-clock work, while World Travel asserted that they perform such work for less than two minutes. *Compare* ECF 1, ¶ 160,

*with* ECF 28, at 7-10. Based on an estimated four to six minutes of off-the-clock work, Preston's counsel and expert economist calculated World Travel's damages as between $599,625 and $900,264. ECF 54-2, ¶ 43. The proposed settlement of $550,000 thus represents between 61.1% and 91.7% of those damages. *Id.* ¶ 44. This constitutes a reasonable amount. *See Purinton v. Moody's Co-Worker Owned, Inc.*, No. 2:20-cv-00296-JAW, 2023 WL 167560, at *3 (D. Me. Jan. 12, 2023) (approving settlement representing 69% of the class's total claimed unpaid wages). Settlement also avoids the uncertainties of trial and the costs of litigation, which Preston's counsel estimates could last another two to three years and cost more than $1 million. ECF 54-2, ¶ 37.

Fourth, the proposed settlement treats class members equitably. Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims." Fed. R. Civ. P. 23(e)(2)(C)-(D) 2018 Comm. Notes. Under this agreement, each class member's allocation will be determined by dividing the net settlement amount by the total number of all members' workweeks and then multiplying the result by the number of weeks that the member was employed. ECF 54-1, at 17, ¶ 42(b). Since "this allocation of settlement dollars approximates the proportion of damages suffered by each" member, the agreement appropriately treats all class members equitably. *Mongue v. Wheatleigh Corp.*, No. 3:18-cv-30095-KAR, 2023 WL 5435918, at *9 (D. Mass. Aug. 23, 2023).

### B. Preliminary Settlement Approval under the FLSA.

Courts may approve an FLSA settlement if the parties agreed to it and if "it represents a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Drexler v. TEL NEXX, Inc.*, No. 13-cv-13009-ADB, 2019 WL 3947206, at *1 (D. Mass. Aug. 21, 2019) (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp. Standards Admin., Wage*

*& Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). While the First Circuit has not articulated a test for making such a determination, courts generally "consider the 'totality of the circumstances,'" including "'(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.'" *Id.* at *2 (quoting *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 260-61 (D. Mass. 2015)). "'The factors supporting approval of a Rule 23 settlement of state wage and hour claims may also support approval of a collective action settlement of FLSA claims.'" *Anderson v. Team Prior, Inc.*, No. 2:19-cv-00452-NT, 2022 WL 16531690, at *5 (D. Me. Oct. 28, 2022) (citation omitted). "A court's review of a FLSA settlement, however, is slightly less demanding than its review of a Rule 23 class action settlement because, unlike a Rule 23 class action, a FLSA collective action settlement does not bind absent class members." *Roberts v. TJX Companies, Inc.*, No. 13-cv-13142-ADB, 2016 WL 8677312, at *5 n.7 (D. Mass. Sept. 30, 2016). Thus, where, as here, the proposed settlement satisfies the requirements of Rule 23, it also meets the less stringent standards of the FLSA. *Id.* The parties' settlement agreement is, therefore, preliminarily approved under the FLSA as a fair and reasonable resolution of this dispute for the same reasons that it was preliminarily approved pursuant to Rule 23.

### III.     **Approval of Settlement Notice.**

Federal Rule of Civil Procedure 23(e) requires that notice be provided "in a reasonable manner to all class members who would be bound by the [settlement] proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(c) similarly demands "the best notice that is practicable under the

9

circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The "notice requirement for 23(b)(3) class actions is," as the First Circuit has observed, "rooted in due process" and designed "'to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated.'" *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 51 (1st Cir. 2010) (citation omitted). At a minimum, the "notice must clearly and concisely" describe to class members "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c) also expressly permits notice by "United States mail, electronic means, or other appropriate means." *Id.* The FLSA separately requires that the notice "communicate accurate information about the suit in order to enable potential collective action members to 'make informed decisions about whether to participate.'" *Michaud v. Monro Muffler Brake, Inc.*, No. 2:12-cv-00353-NT, 2015 WL 1206490, at *10 (D. Me. Mar. 17, 2015) (quoting *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)).

The parties' proposed notice and plan for issuing such notice satisfy the requirements of Rule 23, the FLSA, and due process. *See* ECF 54-1. The notice properly provides information about, among other items, the claims in this action; the settlement agreement; class members' rights to participate in, or object to, the settlement; and the timing of the final approval hearing. *See id.*, Ex. A. The settlement agreement also calls for delivery of the notice by first class U.S. mail, *id.* at 11-12, ¶ 41(a), which "is sufficient when the names and addresses of the class members are known," *New England Biolabs, Inc. v. Miller*, No. 1:20-cv-11234-RGS, 2022 WL 20583575,

at *4 (D. Mass. Oct. 26, 2022); *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) ("Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort."). In addition, the form and language of the request for exclusion form is appropriate. *See* ECF 54-1, Ex. B.

**IV.** **Appointment of Class Counsel, Class Representative, and Settlement Administrator.**

Federal Rule of Civil Procedure 23(g) "requires district courts to appoint class counsel and governs how courts should choose counsel." *In re Pharm. Indus.*, 588 F.3d at 41. It specifically states that courts "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Rule 23(g) also provides that "counsel must fairly and adequately represent the interests of the class," and that courts may appoint such counsel "only if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2), (4). Sommers Schartz, P.C. and Steffans Legal, PLC are appointed as interim class counsel because, as discussed, they are experienced and have adequately and fairly represented the class. They are thus responsible for ensuring that the notice process articulated in the settlement agreement is followed. *See* ECF 54-1, at 11-16, ¶ 41.

In addition, plaintiff Phaedra Preston is appointed as class representative because she too, as explained, has fairly and adequately represented the interests of the proposed class. *See* Fed. R. Civ. P. 23(a)(4), (e)(2)(A). The parties also "wish to . . . use . . . [a] professional claims administrato[r]," Atticus Administration, LLC, whose services Preston's counsel represents, based on experience, are "exemplary." Fed. R. Civ. P. 23(c)(2) 2018 Comm. Notes; ECF 54-2, ¶ 57.

Atticus Administration, LLC is, therefore, appointed as settlement administrator to carry out the notice plan and administer the settlement process. *See* ECF 54-1, at 11-21, ¶¶ 41-42.

## V. Scheduling of Final Approval Hearing.

Federal Rule of Civil Procedure 23(e) states, in relevant part, that courts may approve a settlement proposal "only after a hearing." Fed. R. Civ. P. 23(e)(2). A final approval hearing will, accordingly, be held on December 10, 2024 at 2:00 p.m. Eastern Time in Courtroom 3 of the John Joseph Moakley Courthouse located at 1 Courthouse Way in Boston, Massachusetts.

## CONCLUSION AND ORDER

For the foregoing reasons, Preston's unopposed motion for preliminary approval of settlement, appointment of class representative and class counsel, and certification of settlement class, ECF 53, is GRANTED. The Court will issue a separate order generally adopting Preston's proposed order, which summarizes these findings, authorizes dissemination of the class notice, and details the schedule moving forward, including for the final approval hearing.

SO ORDERED.

Dated: July 15, 2024

/s/ Julia E. Kobick
Julia E. Kobick
United States District Judge