**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

**PHAEDRA PRESTON,** individually and on behalf of all others similarly situated,

Plaintiff,

v.

**WORLD TRAVEL HOLDINGS, INCORPORATED**,

Defendant.

CIVIL ACTION

Case No.: 1:23-cv-12389

Hon. Julia E. Kobick

Leave to File Granted on June 7, 2024

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARD**

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................1

II. BACKGROUND ........................................................................................1

III. ARGUMENT ........................................................................................2

A. DISTRICT COURTS IN THE FIRST CIRCUIT ROUINELY APPROVE ONE-THIRD FEE AWARDS ........................................................................2

B. THE RESULTS ACHIEVED, AND THE EFFORT, SKILL, AND RISK INVOLVED, FAVOR A ONE-THIRD FEE AWARD ........................................4

1. The Significant Settlement Fund Benefits Hundreds of Workers ..................4

2. No Class Members Have Objected ........................................................5

3. The Action was Prosecuted by Skilled, Experienced, and Efficient Counsel ........................................................................5

4. The Action is Complex and was Prosecuted with a Significant Risk of Non-Payment ........................................................................6

5. Class Counsel has Devoted Substantial Time Litigating the Action ..............7

6. Court's Routinely Award One-Third Fee Awards in Wage and Hour Class Action Settlements ........................................................................7

7. Public Policy Supports the Requested Fee Award........................................8

C. A LODESTAR CROSS-CHECK CONFIRMS THAT THE 0NE-THIRD FEE REQUEST IS REASONABLE ........................................................9

D. CLASS COUNSEL'S LITIGATION EXPENSES SHOULD BE APPROVED ........................................................................10

E. THE REQUESTED CLASS REPRESENTATIVE SERVICE AWARD IS REASONABLE AND SHOULD BE AWARDED..............................................11

IV. CONCLUSION........................................................................................12

**TABLES OF AUTHORITIES**

*Ark. Teacher Ret. Sys. v. State St. Bank & Tr. Co.*,
No. 11-10230-MLW, 2020 U.S. Dist. LEXIS 33552 (D. Mass. Feb. 27, 2020) ........................ 4
*Bacchi v. Mass. Mut. Life Ins. Co.*,
No. 12-11280-DJC, 2017 U.S. Dist. LEXIS 184926 (D. Mass. Nov. 8, 2017) ..................... 3, 10
*Bennett v. Roark Capital Grp., Inc.*,
No. 2:09-cv-00421-GZS, 2011 U.S. Dist. LEXIS 48094 (D. Me. May 4, 2011) ........................ 8
*Bettencourt v. Jeanne D'Arc Credit Union*,
No. 17-cv-12548-NMG, 2020 U.S. Dist. LEXIS 106469 (D. Mass. June 17, 2020) .................. 4
*Camden I Condo. Ass'n v. Dunkle*,
946 F.2d 768 (11th Cir. 1991) ........................................................................................ 3
*Curtis v. Scholarship Storage Inc.*,
No. 2:14-cv-303-NT, 2016 U.S. Dist. LEXIS 70410 (D. Me. May 31, 2016) ........................ 3, 7
*Harden Mfg. v. Pfizer, Inc (In re Neurontin Mktg. & Sales Practices Litig.)*,
58 F. Supp. 3d 167 (D. Mass. 2014) ............................................................................ 4, 5
*Heien v. Archstone*,
837 F.3d 97 (1st Cir. 2016) ........................................................................................ 2, 3
*In re Cont'l Ill. Sec. Litig.*,
962 F.2d 566 (7th Cir. 1992) ........................................................................................ 3
*In re Loestrin 24 Fe Antitrust Litig.*,
No. MDL No. 2472, 2020 U.S. Dist. LEXIS 125746 (D.R.I. July 17, 2020) ............................ 8
*In re Relafen Antitrust Litig.*,
231 F.R.D. 52 (D. Mass. 2005) ..................................................................................... 11
*In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*,
56 F.3d 295 (1st Cir.1995) ......................................................................................... 2, 3
*Kondash v. Citizens Bank*,
No. 18-cv-00288-WES-LDA, 2020 U.S. Dist. LEXIS 241588 (D.R.I. Dec. 23, 2020) ............ 8
*O'Connor v. Oakhurst Dairy*,
No. 2:14-00192-NT, 2018 U.S. Dist. LEXIS 102244 (D. Me. June 19, 2018) ................. 3, 7, 10
*Reiter v. Sonotone Corp.*,
442 U.S. 330 (1979) ...................................................................................................... 8
*Roberts v. TJX Cos.*,
No. 13-cv-13142-ADB, 2016 U.S. Dist. LEXIS 136987 (D. Mass. Sep. 30, 2016) ............... 3, 4
*Romero v. Producers Dairy Foods, Inc.*,
No. 1:05cv0484 DLB, 2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 13, 2007) ...................... 7
*Scovil v. FedEx Ground Package Sys.*,
No. 1:10-CV-515-DBH, 2014 U.S. Dist. LEXIS 33361 (D. Me. Mar. 14, 2014) ....................... 7
*Scovil v. FedEx Ground Package System, Inc.*,
2014 WL 1057079 ...................................................................................................... 11
*Swedish Hosp. Corp. v. Shalala*,
303 U.S. App. D.C. 94, 1 F.3d 1261 (1993) ...................................................................... 3
*Veilleux v. Maine*,
No. 1:16-cv-571-LEW, 2020 U.S. Dist. LEXIS 210895 (D. Me. Nov. 9, 2020) ..................... 10
*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002) ........................................................................................ 9

Statutes

29 U.S.C. § 216(b) .......... 10

Rules

Fed. R. Civ. P. 23(h) .......... 2
Rule 23 .......... 6

Other Authorities

*Incentive Awards to Class Action Plaintiffs: An Empirical Study*,
53 UCLA L. Rev. 1303 (2006) .......... 11

## I. INTRODUCTION

This is a FLSA and common law wage-and-hour hybrid collective/class action. Plaintiff Phaedra Preston (hereinafter "Plaintiff") settled this litigation on behalf of approximately 2,277 hourly, non-exempt employees of Defendant World Travel Holdings, Incorporated (hereinafter "Defendant").

On July 15, 2024 the Court entered its Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class/Collective Action Settlement, Approval of Class Notice, and Setting Final Approval Hearing (hereinafter the "Preliminary Approval Order"). [ECF No. 56]. Pursuant to the Court's Preliminary Approval Order Plaintiff is required to file her Motion for Approval of Attorneys' Fees, Litigation Expenses, and Class Representative Service Award on or before September 19, 2024. [*Id.*].

In this Motion, Plaintiffs respectfully requests entry of an order: (1) awarding Class Counsel attorneys' fees in the amount of $183,333.33 (33.33% of the $550,000 Gross Settlement Fund); (2) granting reimbursement of necessary litigation expenses to Class Counsel in an amount not to exceed $20,000; (3) awarding a Class Representative service award in the amount of $5,000 to Named Plaintiff Phaedra Preston.

## II. BACKGROUND

Plaintiff's Preliminary Approval Motion [ECF No. 54] provided a comprehensive overview of the work performed in connection with obtaining the Settlement Agreement on behalf of Plaintiff and the putative settlement class. The Settlement Agreement was reached after extensive informal discovery, assistance in modeling damages from an expert economist, and a full day of mediation with one of the most respected wage and hour mediators in the country, Vivien Shelanski.[1] Following a tentative agreement on the key terms of the Settlement Agreement,

---

[1] *See*, https://www.jamsadr.com/shelanski/ (last visited 8/31/24).

Class Counsel spent the next few weeks negotiating the long-form Settlement Agreement that is presently before the Court for approval. At all times throughout this process, the Defendant contested Plaintiff's claims, and to this date, continues to contest Plaintiff's claims.

Under the terms of the parties' proposed settlement, Defendant will make a non-reversionary payment of $550,000. If approved, the settlement fund of $550,000, will be distributed as follows: (i) no less than $314,166.67 will be paid to the putative class/collective members; (ii) $5,000 will be paid to Class Representatives Phaedra Preston; (iii) $183,333.33 will be paid to Class Counsel for attorneys' fees; (iv) Class Counsel will be reimbursed for litigation expenses in an amount not to exceed $20,000; and (v) settlement administration fees in the amount of $27,500.

On August 9, 2024, the Settlement Administrator mailed the Court approved Notice. Since the Notice was mailed to 2,290 Class Members, zero (0) Class Members have objected, and only sixteen (16) Class Members have opted-out (excluded themselves) of the Settlement. (Exh. A, September 6, 2024 Settlement Administrator Report). With only two weeks left in the Notice Period, these numbers support an overwhelmingly positive reaction to the Settlement, including Class Counsel attorneys' fees request.

## III. <u>ARGUMENT</u>

### A. DISTRICT COURTS IN THE FIRST CIRCUIT ROUTINLY APPROVE ONE-THIRD FEE AWARDS

In a class action settlement, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). The First Circuit recognizes two general methods for awarding attorneys' fees in class actions: (1) the "percentage of fund" ("POF") method; and (2) the "lodestar" method. *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir.1995); *see also Heien v. Archstone*,

837 F.3d 97, 100 (1st Cir. 2016). The First Circuit has endorsed the POF method as the preferred approach in complex litigation. *In re Thirteen Appeals*, 56 F.3d at 307; *Heien*, 837 F.3d at 100 (POF method is "prevailing praxis"); *O'Connor v. Oakhurst Dairy*, No. 2:14-00192-NT, 2018 U.S. Dist. LEXIS 102244, at *10 (D. Me. June 19, 2018) ("The First Circuit has approved of the POF method as the prevailing approach used in common fund cases.").

Courts have the power to award reasonable attorneys' fees and costs where, as here, a litigant proceeding in a representative capacity secures a substantial benefit for a class of persons. "The POF method permits the judge to focus on 'a showing that the fund conferring a benefit on the class resulted from' the lawyers' efforts." *In re Thirteen Appeals*, 56 F.3d at 307 (quoting *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). The POF method is more efficient for courts to administer, and also encourages efficient litigation by plaintiffs' attorneys. *Id.* (citing *Swedish Hosp. Corp. v. Shalala*, 303 U.S. App. D.C. 94, 1 F.3d 1261, 1269 (1993)). The First Circuit additionally found that the POF approach "better approximates the workings of the marketplace." *Id.* (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992)).

Where the court utilizes a percentage-of-funds approach to assessment of attorney fees, a lodestar analysis is not required. *Curtis v. Scholarship Storage Inc.*, No. 2:14-cv-303-NT, 2016 U.S. Dist. LEXIS 70410, at *10-11 (D. Me. May 31, 2016). However, the "court may also, in its discretion, consider a 'lodestar cross check' to gauge the reasonableness of any percentage of fund award." *Bacchi v. Mass. Mut. Life Ins. Co.*, No. 12-11280-DJC, 2017 U.S. Dist. LEXIS 184926, at *10 (D. Mass. Nov. 8, 2017).

District Courts in the First Circuit routinely approve one-third fee awards in settled wage and hour class actions. *See, e.g.*, *Roberts v. TJX Cos.*, No. 13-cv-13142-ADB, 2016 U.S. Dist. LEXIS 136987, at *45 (D. Mass. Sep. 30, 2016). A one-third award is in accord with, albeit slightly

higher than, the "20 to 30% range" that this Court has identified as frequently appropriate in settled class actions. *Ark. Teacher Ret. Sys. v. State St. Bank & Tr. Co.*, No. 11-10230-MLW, 2020 U.S. Dist. LEXIS 33552, at *10 (D. Mass. Feb. 27, 2020) (Wolf, J.); *see also Bettencourt v. Jeanne D'Arc Credit Union*, No. 17-cv-12548-NMG, 2020 U.S. Dist. LEXIS 106469, at *4 (D. Mass. June 17, 2020) ("Standard awards in the First Circuit range from 20% at the low end to 33% at the high end."). However, "[t]he district court may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *Ark. Teacher Ret. Sys.*, 2020 U.S. Dist. LEXIS 33552, at *44 (internal quotation and citation omitted). These special circumstances exist here.

**B. THE RESULTS ACHIEVED, AND THE EFFORT, SKILL, AND RISK INVOLVED, FAVOR A ONE-THIRD FEE AWARD**

In determining the reasonableness of a POF fee award, this Court and other district courts in this Circuit have considered factors including (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases; and (8) public policy. *Ark. Teacher Ret. Sys.*, 2020 U.S. Dist. LEXIS 33552, at *44; *Roberts*, 2016 U.S. Dist. LEXIS 136987, at *34; *Harden Mfg. v. Pfizer, Inc (In re Neurontin Mktg. & Sales Practices Litig.),* 58 F. Supp. 3d 167, 170 (D. Mass. 2014). Each of these factors weighs in favor of a one-third fee award.

**1. The Significant Settlement Fund Benefits Hundreds of Workers.**

First, Class Counsel has obtained a significant settlement fund that will provide real benefits to hundreds of workers. The $550,000 settlement amount will provide excellent monetary payments for approximately 2,277 Class Members. (Exh. B, Stoops Decl. at ¶¶ 33-47). The overall

average *net* recovery stands at approximately $137.97 per Class Member. Class Members with longer tenures will receive relatively higher payments, as the settlement awards are based on the number of workweeks for each Class Member. The considerable payments to hundreds of Class Members counsel in favor of the requested fee award.

Additionally, this is not such a large class action recovery that the POF award must be lowered "to avoid giving attorneys a windfall at the plaintiffs' expense." *In re Neurontin Mktg. & Sales Practices Litig.*, 58 F. Supp. 3d at 170. As discussed *infra*, Class Counsel are not receiving a windfall here as their lodestar results in a modest 1.132 to 1.206 multiplier. This is not a megafund settlement, but rather a wage and hour collective and class settlement where the requested fee is easily justified by the large amount of attorney time and effort involved in prosecuting the action on behalf of the workers. In this circumstance, an award of a one-third fee is appropriate.

**2. No Class Members Have Objected.**

To date, Class Counsel have not received *any* objections to the Settlement or the requested fee and cost award. (Exh. A, September 16, 2024 Settlement Administrator Report). Further, only 16 Class Members have opted out of the Settlement. *Id*. The Notice of Settlement clearly sets forth the amount of fees and costs that Class Counsel are requesting, that Class Counsel will file the instant motion to make such request of the Court, and the Court will determine the fee and cost award at the Final Approval Hearing. Despite this full disclosure, no Class Members have voiced any objection to the requested fee. This reflects a thoroughly positive response by the Class Members, and weighs in favor of a one-third fee award.

**3. The Action was Prosecuted by Skilled, Experienced, and Efficient Counsel.**

Plaintiff and the Class Members are represented by highly skilled and experienced counsel. (Exh. B, Stoops Decl. at ¶¶ 3-8). Class Counsel is an adept class action litigator, with decades of experience representing workers in wage and hour actions and dozens of successful results in such

cases. *Id*. Class Counsel's skill is confirmed by their diligent prosecution of the claims at issue. This skill and expertise are illustrated by Class Counsel's successful motion practice—Plaintiffs prevailed on the motion for conditional certification, obtained a favorable decision on Defendant's motion to dismiss, and successfully obtained preliminary approval of the Settlement.

Class Counsel's skill and experience led to an efficient result—an excellent settlement that was achieved without the need to further litigate certification issues and engage in a protracted trial. Class Counsel's skillful and efficient prosecution of the claims of the Class Members weighs significantly in favor of the requested fee award.

**4. <u>The Action is Complex and was Prosecuted with a Significant Risk of Non-Payment.</u>**

This action involves a conditionally certified FLSA Collective and two putative Rule 23 classes. It encompasses hundreds of workers. Plaintiff brings claims under federal law and state common law. The operative Complaint is a lengthy and complex pleading. [ECF No. 1]. The action involved significant motion practice in connection with Defendant's Motion to Dismiss and Plaintiff's Motion for Conditional Certification. All of these factors illustrate that this is a complex matter, even in comparison to other wage and hour collective and class actions.

Class Counsel expended significant resources processing the litigation. To date, Class Counsel has worked 266 hours, amounting to lodestar in the amount of $136,903.50. (Exh. B, Stoops Decl. at ¶¶ 52-54). Additionally, Class Counsel has incurred $15,003.36 in out-of-pocket litigation expenses. (*Id.* at ¶ 67). Class Counsel undertook all the risk of this litigation on a completely contingent fee basis, expending time and incurring expenses with the understanding that there was no guarantee of compensation or reimbursement. (*Id.* at ¶¶ 56-60, 69). If unsuccessful in obtaining a positive result, Class Counsel would not receive *any* compensation for their large

investment of time and resources in prosecuting the claims. The successful result obtained, in the face of considerable risk of non-payment, further counsels in favor of a one-third fee award.

**5. Class Counsel has Devoted Substantial Time Litigating the Action.**

As set forth in the attached declaration of Class Counsel, this action required large amounts of attorney time beginning at the pleadings stage, through conditional certification, extensive informal discovery, mediation, additional motion practice, and continuing through settlement, preliminary approval, overseeing the settlement notice process, and final approval. By any measure, this is not an action that settled quickly in the early stages of the case. Rather, it has been intensively litigated, requiring the commitment of hundreds of attorney hours. This extensive time commitment weighs heavily in favor of the requested fee award.

**6. Court's Routinely Award One-Third Fee Awards in Wage and Hour Class Action Settlements.**

As discussed above, courts in this Circuit and elsewhere routinely approve one-third fee awards in successful wage and hour settlements. *See, e.g., Roberts*, 2016 U.S. Dist. LEXIS 136987, at *45 (one-third fee, reflecting a lodestar multiplier of nearly 2, reasonable in light of the counsel's efforts in wage and hour collective and class action); *O'Connor*, 2018 U.S. Dist. LEXIS 102244, at *10 ("A one-third contingent fee is common in wage-and-hour cases."); *Curtis*, 2016 U.S. Dist. LEXIS 70410, at *10-11 (same); *Scovil v. FedEx Ground Package Sys.*, No. 1:10-CV-515-DBH, 2014 U.S. Dist. LEXIS 33361, at *21 (D. Me. Mar. 14, 2014) (taking judicial notice that contingent fees of one-third are common in wage and hour class action settlements). "'Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.'" *Romero v. Producers Dairy Foods, Inc.*, No. 1:05cv0484 DLB, 2007 U.S. Dist. LEXIS 86270, at *10 (E.D. Cal. Nov. 13, 2007) (awarding one-

third fee award in wage and hour class action, and quoting 4 Newberg and Conte, *Newberg on Class Actions* § 14.6 (4th ed. 2007)).[2]

These cases confirm that in wage and hour class action settlements, which typically do not involve megafund amounts that result in unreasonably large multipliers, a fee award of one-third is standard and appropriate. Class Counsel here have achieved a robust settlement in a difficult wage and hour action, and the requested one-third fee is reasonable and should be approved by the Court.

**7. Public Policy Supports the Requested Fee Award.**

Substantial fee awards encourage attorneys to take on risky cases on behalf of clients who cannot pay hourly rates and would therefore not otherwise have realistic access to courts. That access is particularly important for the effective enforcement of public protection statutes, such as the wage laws at issue here. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 344 (1979) ("private suits provide a significant supplement to the limited resources available to [government enforcement agencies] for enforcing [public protection] laws and deterring violations."). By incentivizing plaintiff's attorneys to take on risky, high-stakes, and important litigation, and devote themselves to it aggressively and fully, fee awards serve an important purpose and extend the access of top legal talent to constituencies such as low-wage workers who would otherwise never be able to confront employers, who are themselves represented by top-rated attorneys.

[2] S*ee also In re Loestrin 24 Fe Antitrust Litig.*, No. MDL No. 2472, 2020 U.S. Dist. LEXIS 125746, at *50 (D.R.I. July 17, 2020) (one-third fee award in antitrust action is "fair, reasonable and appropriate compensation"); *Bennett v. Roark Capital Grp., Inc.*, No. 2:09-cv-00421-GZS, 2011 U.S. Dist. LEXIS 48094, at *6 (D. Me. May 4, 2011) (awarding "customary one-third fee" in settled WARN Act class action); *Kondash v. Citizens Bank*, No. 18-cv-00288-WES-LDA, 2020 U.S. Dist. LEXIS 241588, at *18 (D.R.I. Dec. 23, 2020) (one-third fee award in TCPA action, amounting to $612,5000, is "fair, reasonable and appropriate compensation for the work done by Class Counsel to create the Settlement Fund").

In this case, although the risks were front and center, the Named Plaintiff and Class Counsel committed themselves to developing and pressing the legal claims to enforce the employees' rights and maximize the class and collective recovery. Accordingly, a one-third recovery for fees is appropriate.

### C. A LODESTAR CROSS-CHECK CONFIRMS THAT THE ONE-THIRD FEE REQUEST IS REASONABLE

First Circuit courts have the discretion to employ (or decline to employ) a "lodestar cross-check" on a request for a percentage of the fund fee award. Though not required, this Court has found that such a cross-check is "useful" in evaluating the reasonableness of a POF fee award. *Ark. Teacher Ret. Sys.*, 2020 U.S. Dist. LEXIS 33552, at *47-48.[3] Class Counsel's accompanying declaration provides a summary of the lodestar, time and hourly rates applicable to this litigation.[9] (Exh. B, Stoops Decl. at ¶¶ 51-54). The hourly rates supplied are Class Counsel's customary rates for purposes of lodestar cross-checks in common fund cases. (*Id.*).

The lodestar cross-check more than supports the requested fees. Class Counsel has spent 266 hours litigating this action, for a current aggregate lodestar of $136,903.50, resulting in a current multiplier of only 1.339.[4] (Exh. B, Stoops Decl. at ¶ 63). Class Counsel anticipates that at the conclusion of this case (including additional work to be performed at the Final Approval stage, and extensive work related to settlement administration and Class/Collective Member payment processing), that Class Counsel will have incur additional lodestar in a range of $15,000

---

[3] *See also Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1050, n.5 (9th Cir. 2002) (noting that while "primary basis of the fee award remains the percentage method," lodestar "may" be useful, but that it is "merely a cross check" and "it is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case").

[4] Due to the amount of privileged information contained in the actual hourly billing records, Class Counsel does not include those detailed records with this filing but will provide them for this Court's *in camera* review should the Court wish to review them.

to $25,000 (or more). (*Id.* at ¶ 62). Taking into account the $15,000 to $25,000 in additional lodestar that will be incurred, the multiplier at the conclusion of this case will fall in the range of 1.132 to 1.206. (*Id.* at ¶ 63).

The very low multiplier range confirms that the one-third fee award is very reasonable.

**D. CLASS COUNSEL'S LITIGATION EXPENSES SHOUD BE APPROVED**

Rule 23(h) provides that a court may award reasonable attorney costs, and the FLSA and also provides for the reimbursement of costs. 29 U.S.C. § 216(b). First Circuit courts routinely order reimbursement of out-of-pocket costs in the context of class action settlements. *See, e.g., O'Connor*, 2018 U.S. Dist. LEXIS 102244, at *10 (ordering $50,000 for reimbursement of attorneys' costs in settled wage and hour action); *Veilleux v. Maine*, No. 1:16-cv-571-LEW, 2020 U.S. Dist. LEXIS 210895, at *7 (D. Me. Nov. 9, 2020); *Bacchi*, 2017 U.S. Dist. LEXIS 184926, at *17 (ordering reimbursement of litigation expenses of $1,533,575.85 on the basis that the court "cannot say that such expenses, either in whole or in any particular part, are unreasonable").

Class Counsel is seeking reimbursement of reasonable, and necessary, litigation expenses, not to exceed $20,000. To date, Class Counsel has incurred $15,003.36 in necessary and reasonable litigation costs. The litigation expenses incurred are reflected on the books and records of Class Counsel, and are available for submission to the Court upon request. All the expenses are reasonable, necessary, and customary for FLSA and state wage and hour cases. They were all incurred in the normal course of litigation, directly benefited the Class Members, and added to the overall success of this case. In addition to filing fees, postage, class member research/investigation, and on-line research, the most significant expenses related to Plaintiff's expert damage analysis ($3,150) and Plaintiff's portion of the mediator's fee ($4,376.25). (Exh. B, Stoops Decl., ¶¶ 66-70).

### E. THE REQUESTED CLASS REPRESENTATIVE SERVICE AWARD IS REASONABLE AND SHOULD BE AWARDED

"Incentive awards are recognized as serving an important function in promoting class action settlements, particularly where, as here, the named Plaintiff participated in the litigation." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005) (citation omitted). Awards in wage and hour cases and other employment cases are generally higher than in other types of cases, and 10 years ago, one court noted, "recently awards of $10,000 and $15,000 are not uncommon, and on occasion reach $20,000, $30,000 and higher." *Scovil,*, 2014 WL 1057079 at *6 (citing Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1308 (2006) and collecting cases)). "In determining whether a service award is warranted, courts consider the steps these individuals have taken to protect the interests of the class, the degree to which the class has benefited from those actions, the amount of time and effort they have expended in pursuing the litigation, and any negative effects that they have risked." *Scovil*, 2014 WL 1057079, at *6 (citation omitted).

In this case, the Settlement Agreement contemplates a $5,000 service award to Named Plaintiff Phaedra Preston. This amount is very reasonable and is far less than awards in similar cases within this District.[5] The requested service award is certainly within the range for final approval and amounts to only 0.91% of the total settlement.

[5] *See, e.g., Civil v. Spirit Delivery*, Civ. A. No 4:13-12635-TSH (D. Mass. July 24, 2018) (ECF. No. 242) (approving $25,000 for named plaintiff)*; Matamoros et al. v Starbucks Corp.*, Civ. A. No. 1: 08-10772 (D. Mass. Aug. 16, 2013) (ECF No.169) (approving $25,000 incentive payment each for three lead plaintiffs and $15,000 each to two lead plaintiffs in wage action); *Hayes v. Aramark Sports Serv. LLC*, Civ. A. No 08-10700-RWZ (D. Mass. Sept. 25, 2009) (ECF No. 41) (approving $25,000 service awards to each of two lead plaintiffs); *Sola et al. v. CleanNet USA, Inc.*, Civ. A. No 12-10580 (D. Mass. Nov. 26, 2013) (ECF No. 33) (approving $25,000 each to four class representative plaintiffs).

Throughout this litigation, the Named Plaintiff provided invaluable assistance to Class Counsel necessary to prosecute this action. Ms. Preston dedicated substantial time to the litigation by way of: taking part in numerous meetings and interviews with Class Counsel, providing documents and other information to support the legal claims in the Plaintiff's Complaint. Additionally, Ms. Preston bravely took direct, and indirect, risk in the community and her field of employment by stepping forward to represent the interests of her fellow workers, knowing her name would appear on a public docket available through an internet search, and knowing employers might take her participation into consideration when making future hiring decisions. There are no conflicts between Ms. Preston and other members of the Class. Ms. Preston satisfied her obligation as class representative, incurred many hours in service to this case and the Class Members, and was invaluable in developing the claims, conducting discovery into them, and in reaching the Settlement that is before the Court for approval. (Exh. B, Stoops Decl., ¶ 64).

## IV. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests entry of an order: (1) awarding Class Counsel attorneys' fees in the amount of $183,333.33 (33.33% of the $550,000 Gross Settlement Fund); (2) granting reimbursement of necessary litigation expenses to Class Counsel in an amount not to exceed $20,000; (3) awarding a Class Representative service award in the amount of $5,000 to Named Plaintiff Phaedra Preston.[6]

Date: September 16, 2024

Respectfully Submitted,

*/s/ Kevin J. Stoops*________________
Kevin J. Stoops (admitted Pro Hac Vice)
Kate Milz (admitted Pro Hac Vice)

---

[6] Plaintiff will submit a comprehensive proposed order in connection with her Motion for Final Approval.

SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, MI 48076
Tel: (248) 355-0300
kstoops@sommerspc.com
kmilz@sommerspc.com

Benjamin K. Steffans (BBO# 568535)
STEFFANS LEGAL, PLLC
10 Wendell Ave. Ext. Ste 208
Pittsfield, MA 01201
Tel: (413) 418-4176
bsteffans@steffanslegal.com

*Attorneys for the Plaintiff and the Putative Class Members*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will automatically send notice of such filings to all counsel of record.

*/s/ Kevin J. Stoops*
Kevin J. Stoops (admitted *Pro Hac Vice*)